UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------
DAVID SANCHEZ,

                              Petitioner,

          -v.-                                           9:06-CV-0096
                                                                  (NAM)(DRH)

LEO PAYANT, Superintendent, Mohawk
Correctional Facility,

                              Respondent.
--------------------------------------------------------------------------------

APPEARANCES:

DAVID SANCHEZ
05-A-4877
Petitioner, *pro se*

NORMAN A. MORDUE, CHIEF JUDGE

## DECISION AND ORDER

The Clerk has sent to the Court an amended Petition[1] for a Writ of Habeas Corpus filed by David Sanchez ("Petitioner" or "Sanchez") in accordance with this Court's March 27, 2006 Order ("March 2006 Order").

**A.    BACKGROUND**

In his original habeas Petition, filed January 24, 2006, Sanchez states that he plead guilty to rape in the third degree in Ulster County Court. Docket No. 1. Thereafter, on January 13, 1997, he was sentenced to a term of six months imprisonment and five years probation. *Id.* There was no indication in the original Petition that any appeal was taken from that conviction and sentence, or, if so, the results of any such appeals and the dates they were decided. Petitioner alleged in his original

---

[1] Although docketed as an amended Petition, the document is an Affidavit by Petitioner setting forth both factual allegations and legal argument pertaining to the timeliness of this action. *See* Docket No. 6. Nevertheless, the Court has reviewed the document to determine whether Petitioner can demonstrate that the statute of limitations had not expired prior to the filing of this action.

Petition that he filed a Motion pursuant to CPL §440 in July 2004 alleging that he was denied effective assistance of counsel. That Motion was denied by the Ulster County Court on September 16, 2004. *Id.*

The March 2006 Order noted that Sanchez's conviction became final on April 13, 1997, and the one year statute of limitations began to run on that date. Thus, the one year statute of limitations expired on April 13, 1998. Docket No. 4. Therefore, the statute of limitations expired prior to the filing of the CPL §440 Motion in July 2004. Consequently, the March 2006 Order found that the Petition appeared to be time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Id.* However, the Court permitted Petitioner an opportunity to file an amended Petition and provide the Court with information demonstrating that there were other tolling events, between the January 13, 1997 sentencing and the July 2004 filing of the Motion pursuant to CPL §440, that this Court may consider to toll the statute of limitations.

**B.    THE AMENDED PETITION**

A review of the amended Petition reveals that Petitioner has offered this Court no evidence of tolling events occurring between the January 13, 1997 sentencing and the July 2004 filing of a Motion pursuant to CPL §440. Docket No. 6. Rather, Petitioner argues that he filed this action within one year following a final determination on his CPL §440 Motion, and therefore it is timely.[2] Petitioner fails to offer any allegations or information to refute the Court's prior finding that the one year statute of limitations for this action expired on April 13, 1998, well prior to the filing of the CPL §440 Motion in July 2004. Accordingly, this Petition is untimely and must be dismissed.

---

[2]Petitioner does not provide the Court with the date that the Appellate Division decided his application for leave to appeal the Ulster County Court's September 16, 2004 decision. Rather, Petitioner annexed an Affirmation that was filed in opposition to his application for leave to appeal. *See* Docket No. 6, Exhibit A. That Affirmation was dated February 9, 2005. Petitioner argues that any decision by the Third Department on his application for leave to appeal "would take place after February 9th, 2005 ..." Docket No. 6, ¶8.

WHEREFORE, it is hereby

ORDERED, that this proceeding be DISMISSED, and it is further

ORDERED, that the Clerk serve a copy of this Order on the Petitioner by **certified** mail.

IT IS SO ORDERED.

Dated: June 9, 2006

_____
Norman A. Mordue
Chief United States District Court Judge